**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **BRUCE TURNER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **12-12192-FDS** |
| **COMMONWEALTH OF** | ) | |
| **MASSACHUSETTS ,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**AMENDED MEMORANDUM AND ORDER ON**
**RESPONDENT'S MOTION TO DISMISS**

SAYLOR, J

        This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner

Bruce Turner was charged on May 22, 1989, with assault and battery by means of a dangerous

weapon and malicious destruction of property over $250.  On May 10, 1990, he admitted to

sufficient facts and was found guilty on both charges.  He was sentenced to concurrent one-year

terms in the house of correction, suspended for two years, and was ordered to pay full restitution.

On June 19, 2006, he filed a motion to withdraw his admission to sufficient facts.  The motion

was treated as a motion for a new trial and denied.

        He now seeks habeas relief from an unrelated federal incarceration on the basis that, but

for his 1990 conviction, he would already have been released from federal confinement.

Respondent has moved to dismiss the petition as time-barred and on the basis that petitioner was

not in custody at the time of the filing of the petition.  For the reasons set forth below,

respondent's motion will be granted.

# I.    Background

## A.    State Proceedings

On May 23, 1989, Bruce Turner was arraigned in the Salem District Court on charges of assault and battery by means of a dangerous weapon and malicious destruction of property.[1] Attorney Kevin Cooper was appointed to represent him.  On May 10, 1990, Turner appeared in court without counsel, although Cooper remained his counsel of record at that time.[2]  Turner agreed on the record to waive his right to a jury trial.  The waiver form was marked to indicate that he had waived his right to counsel.  He then admitted to sufficient facts and was found guilty.[3]  He was sentenced to two concurrent one-year terms in the house of correction, suspended for two years. He was also ordered to pay full restitution.  He was discharged on July 23, 1992, without filing any notice of appeal.

On May 14, 2003, Turner was indicted in the District Court for the District of Massachusetts for being a felon in possession of a firearm. The statutory maximum for a felon-in-possession charge is 120 months.  18 U.S.C. § 924(a)(2).  However, because Turner had been convicted of three predicate offenses, he was charged under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  One of the three offenses was the conviction in the Salem District Court that is at issue here.

Turner was convicted and sentenced to 235 months' imprisonment.  Following an appeal,

---

[1] Because a significant amount of time has passed since Turner's original conviction, the facts surrounding the original proceedings are largely unavailable. The record before this Court consists of the original docket entry sheet, Kevin Cooper's notice of appearance, the waiver of jury trial form, court records of the lower courts on his motion for new trial, and an affidavit from Kevin Cooper.

[2] Cooper later stated that he was unaware that Turner was in court on that date. (Petitioner's App. at 13).

[3] The parties have interchangeably referred to Turner's plea as "pleading to sufficient facts" and a guilty plea.

he was sentenced to and is currently serving a term of 211 months.[4]

On June 19, 2006, Turner filed a motion in the Salem District Court to withdraw his 1990 admission to sufficient facts, which was denied on February 14, 2007.  He filed an appeal on March 14, 2007.  Construing the motion as a motion for new trial under Mass. R. Crim. P. 30(b), the Massachusetts Appeals Court affirmed the denial on October 5, 2011.[5]  The Massachusetts Supreme Judicial Court denied his request for further appellate review on November 30, 2011.

### B.      Federal Proceedings

On November 26, 2012, Turner filed the present habeas petition.[6]  The sole ground for review is the contention that Turner suffered "[d]enial of the [r]ight to assistance of counsel at all critical stages of the criminal proceedings" of his original Salem District Court conviction.  (Pet. at 3).

Respondent has moved to dismiss the petition on the grounds that Turner does not meet the "in custody" requirement of the habeas statute and that the petition is barred by the statute of limitations.

## II.      Analysis

---

[4] At the time of this sentencing, Turner had a fourth conviction in the Malden District Court for possession of a class B substance with intent to distribute, which meant that the court did not need to address the status of his Salem conviction.  However, he had the drug conviction vacated in October 2008 on the basis that he did not intend to plead guilty to intent to distribute marijuana, only to possession of marijuana.  *See* Memorandum of Law in Support of Motion under 28 U.S.C. § 2255 at 36, *United States v. Turner*, No. 03-10166 (citing Affidavit of E. Page Wilkins, Ex. 18 at 2–3, *United States v. Turner*, No. 03-10166).

[5] Under Massachusetts law, a judge may grant a Rule 30(b) motion for new trial "at any time."  The motion is not subject to a statutory time limitation.  Mass. R. Crim. P. 30(b).

[6] The petition was filed under 28 U.S.C. § 2254, although the plaintiff is presently in federal custody. Because the Court finds that the petition is time-barred, the Court does not reach the issue of whether the petition was properly filed under § 2254.

A.      **Statute of Limitations**

Federal law establishes a one-year limitations period for habeas corpus petitions filed under section 2254.  28 U.S.C. § 2244(d)(1).  In relevant part, the statute provides that the limitations period begins to run on "the date on which judgment became final by the conclusion of direct review or the *expiration of the time for seeking such review*."  *Id*. § 2244(d)(1)(A) (emphasis added).  The text of section 2244(d)(1)(A) consists of two prongs, and each prong "relates to a distinct category of petitioners."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). For petitioners who pursue direct review all the way to the Supreme Court, the judgment becomes final at "'the conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari."  *Id*.  For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires."  *Id*. at 653-54. Where a petitioner does not appeal to the state's highest court, "his judgment becomes final when his time for seeking review with the State's highest court expired."  *Id*. at 654.

Here, the statute of limitations bars the petition.  Under Massachusetts law, "a guilty plea constitutes a final conviction."  *Morin v. Massachusetts*, 598 F. Supp. 2d 165, 166 (D. Mass. 2009) (citing *Commonwealth v. Balliro*, 437 Mass. 163, 166 (2002)).  Thus, petitioner's conviction became final on the date of his guilty plea on May 10, 1990.  The statute of limitations was enacted as part of the Antiterrorism and Effect Death Penalty Act of 1996, which was enacted subsequent to that 1990 conviction.  *See Gaskins v. Duval,* 183 F.3d. 8, 8 (1999). However, the First Circuit has held that in the case of a conviction that became final prior to the effective date of AEDPA, habeas petitions are barred unless filed within a one-year grace period

which ran from April 24, 1996, to April 24, 1997.  *See id.*; *Wood v. Spencer*, 487 F.3d 1, 4 (1st Cir. 2007).

Petitioner did not file a federal habeas corpus petition until November 26, 2012, more than fourteen years after that statutory deadline.  Accordingly, absent statutory or equitable tolling, the statute of limitations bars the petition.  *Id.*; *Gonzalez*, 132 S. Ct. at 653-54; *Morin*, 598 F. Supp. 2d at 167.

Petitioner contends that the period in which he could seek direct review did not expire in 1991.  (Pet. Opp. at 5–6).  He contends that because the only form of appeal available following a guilty plea is a motion for a new trial, his decision did not "become final by the conclusion of direct review" until after the denial of further appellate review by the SJC on his motion for a new trial on November 30, 2011.  *Id.*  By this logic, his 2012 habeas petition would be considered timely under the statute.

 While direct review must conclude for the statutory clock to start running, collateral review stops the clock until it is completed, but does not start or reset it.  The SJC has been somewhat inconsistent in its characterizations of Rule 30(b) motions, and has declined to explicitly decide the question whether such a motion involves a direct or collateral attack.  *See Commonwealth v. Lopez*, 426 Mass. 657, 662 (1998) ("Rule 30(b) motions, like the motions in this case, filed after conviction and sentencing are considered collateral attacks on final decisions."); *but see Commonwealth. v. De La Zerda*, 416 Mass. 247, 250 (1993) ("We need not decide whether, in all instances, a motion for a new trial challenging a guilty plea seeks direct or collateral review, or some hybrid of the two.").  In *Davis v. Roden*, 2013 WL 1339682 at *3 (D. Mass. Mar. 29, 2013), the court noted that the First Circuit has "assumed the motion is

collateral," although it has not spoken directly to the question. (citing *Holmes v. Spencer*, 685 F.3d 51, 57, 59 (1st Cir. 2012); *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *David v. Hall*, 318 F.3d 343, 343 (1st Cir. 2003)).

In *Davis*, the petitioner sought to withdraw his guilty plea six years after conviction by moving for a new trial. As here, the petitioner contended that a motion for a new trial under Massachusetts Rule 30(b) constituted direct review, making his petition timely. *Davis*, 2013 WL 1339682 at *2. The court disagreed, instead adopting the reasoning suggested by the First Circuit decisions, and finding that "a Rule 30(b) motion challenging the validity of guilty plea is collateral for purposes of AEDPA." *Id.* at *3. The court noted that "[t]reating review of such a motion as direct review would undermine AEDPA's purposes of achieving finality and prompt habeas review." *Id. See also Seaver v. Spencer*, 2007 WL 851245, at *3 (D. Mass. Mar. 20, 2007) (finding that petition was time-barred, as petitioner had "incorrectly attempt[ed] to extend the automatic delay provided in the statute for completion of *direct* review to the *collateral* review of his motion for a new trial"); *but see Mack v. Dickhaut*, 770 F. Supp. 2d 429, 433–34 (D. Mass. 2011).

This Court agrees with the reasoning in *Davis* and finds that petitioner's Rule 30(b) motion did not constitute a form of direct review. Thus, it was insufficient to preserve his right to petition for habeas relief. Accordingly, absent equitable tolling, petitioner's habeas petition was not timely and may not provide a basis for granting relief.

**B.     Equitable Tolling**

Petitioner contends that the limitations period has not expired because equitable tolling is appropriate. He contends that equitable tolling is warranted because he began pursuing relief as

soon as he realized the consequences of his guilty plea, and that this realization was the result of his 2004 sentencing under the Armed Career Criminal Act.  (Pet. Opp. at 10–11).

In appropriate cases, the limitations period set forth in the statute may be subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.") (internal citation omitted).  The party moving for equitable tolling bears the burden of establishing a basis for it.  *Neverson*, 366 F.3d at 41.  In *Holland*, the Supreme Court noted that in order to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 130 S. Ct. at 2562 (citation omitted). As to the first prong, "reasonable diligence" is required, not "maximum feasible diligence."  *Id.* at 2565 (citation omitted); *Drew v. MacEachern*, 620 F.3d 16, 23 (1st Cir. 2010).  Equitable tolling should be invoked "only sparingly."  *Neverson*, 366 F.3d at 42 (citation omitted).

Petitioner does not appear to make any explicit contentions as to why his is an "extraordinary circumstance."  Instead, he focuses on the contention that he was showing reasonable diligence by "challenging the constitutionality of his uncounseled Salem guilty pleas as soon as its potential collateral consequences *became known to him*" during a subsequent sentencing.  (Pet. Opp. at 10) (emphasis added).  Petitioner contends that he was ignorant of the law as a result of his lack of counsel, and that this ignorance makes equitable tolling appropriate.  However, petitioner's claimed ignorance—even assuming the truth of that claim—is not cause for equitable tolling.  "Ignorance of the law alone, even for incarcerated *pro se* prisoners, does

not excuse an untimely filing." *Delaney*, 264 F.3d at 15 (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

Petitioner should have filed a petition, at the latest, at some point between 1996 and 1997. Instead, he waited more than fourteen years.  "Extraordinary" circumstances did not prevent his timely filing, nor has he shown that he exercised reasonable diligence.  Accordingly, he is not entitled to equitable tolling.

Because the Court finds that the petition is time-barred and that equitable tolling is not appropriate, the merits of his claims need not be addressed.

IV.    **Conclusion**

In light of the foregoing analysis, the Court finds that petitioner failed to file his petition within the one-year limitations period, and that equitable tolling is inappropriate.  Respondent's motion to dismiss is therefore GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 11, 2013